IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S OF LONDON, SYNDICATE 4242, GREG BUTLER, ACTIVE UNDERWRITER, | )<br>)<br>)<br>) |
| Plaintiff/Counter Defendant, | )<br>) |
| v. | ) Cause No: 4:12-CV-00167-DKG<br>) |
| TARANTINO PROPERTIES, INC., | )<br>)<br>) |
| Defendant/Counter Plaintiff. | ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT; AND COUNTER CLAIM TO COMPEL APPRAISAL, FOR BREACH OF CONTRACT, FOR VEXATIOUS REFUSAL TO PAY, AND DEMAND FOR JURY TRIAL

Defendant/Counter Plaintiff, Tarantino Properties, Inc. ("Tarantino"), by and through undersigned counsel, respectfully files this its Answer and Affirmative Defenses to Underwriters at Lloyd's of London Syndicate 4242, Greg Butler, Active Underwriter's ("Lloyd's") Complaint for Declaratory Judgment filed on February 3, 2012, and Counter Claim to Compel Appraisal, for Breach of Contract, for Vexatious Refusal to Pay, and Demand for Jury Trial, and would state unto the Court as follows:

#### PARTIES

1. Admitted for jurisdictional purposes only; otherwise denied.
2. Admitted for jurisdictional purposes only; otherwise denied.

#### JURISDICTION AND VENUE

3. Admitted for jurisdictional purposes only; otherwise denied.
4. Admitted for jurisdictional purposes only; otherwise denied.

## GENERAL ALLEGATIONS

5. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph five, and as such, they are denied.

6. Admitted that Lloyd's issued a policy of insurance No. 42-8590161601-L-00, effective April 1, 2010, through April 1, 2011; otherwise denied.

7. Admitted that the policy provides coverage for Tarantino's loss; otherwise denied.

8. Admitted.

9. Admitted that the policy contains exclusions, denied as to the applicability of these exclusions to Tarantino's claim; otherwise denied.

10. Admitted that the policy contains certain limitations, denied as to their applicability to Tarantino's claim; otherwise denied.

11. Admitted that the policy contains this referred endorsement; otherwise denied.

12. Admitted that on or about September 18, 2010, Tarantino suffered covered damages to its properties located at 4610 South Brentwood Avenue in Independence, Missouri, commonly known as Quail Creek Apartments and Roundtree Apartments caused by hail.

13. Admitted that he visited the property; otherwise denied.

14. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph fourteen because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

15. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph fifteen because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

2

16. Admitted that the properties sustained additional damages from a wind event on or about December 11, 2010.

17. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph seventeen because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

18. Admitted.

19. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph nineteen because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

20. Admitted that SEA visited the property; otherwise denied.

21. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph twenty-one because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

22. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph twenty-two because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

23. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph twenty-three because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

24. Admitted only that checks were issued in the referenced amount; otherwise denied.

## DECLARATORY JUDGMENT

25. Tarantino is without knowledge of Lloyd's beliefs regarding the controversy; therefore denied.

26. Denied.

27. Tarantino is without knowledge; therefore denied.

28. Denied.

29. Admitted.

30. The policy speaks for itself; otherwise denied.

31. Admitted.

32. The policy speaks for itself; otherwise denied.

33. Admitted.

34. Without knowledge; therefore denied.

35. The policy speaks for itself; otherwise denied.

36. Admitted.

37. Denied.

38. Admitted.

39. The policy speaks for itself; otherwise denied.

40. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph forty because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

41. Admitted.

42. Denied.

43. Admitted only that the policy speaks for itself; otherwise denied.

44. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph forty-four because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

45. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph forty-five because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

46. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph forty-six because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

47. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph forty-seven because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

48. Denied.

49. Denied.

50. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph fifty because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

51. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph fifty-one because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

52. Denied.

53. Denied.

54. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph fifty-four because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

55. Denied.

56. Denied.

57. Without knowledge of Lloyd's beliefs regarding the controversy; therefore denied.

58. Admitted.

59. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph fifty-nine because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

60. Admitted.

61. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph sixty-one because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

62. Admitted.

63. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph sixty-three because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

64. Denied.

65. Denied.

66. Denied.

67. Admitted.

68. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph sixty-eight because Lloyd's has never produced its reports to Tarantino, and as such, they are denied.

69. Denied.

70. Tarantino is without knowledge to be able to admit or deny the allegations within paragraph seventy, and as such, they are denied.

71. Denied.

72. Denied.

Any and all allegations in the Wherefore clause are denied.

## TARANTINO'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Lloyd's failed to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Lloyd's actions and/or omissions in violation of the common law duty of good faith and fair dealing constitutes waiver.

### THIRD AFFIRMATIVE DEFENSE

Tarantino asserts that the cause of damage, hail and wind, are perils covered under the terms of the Policy and Tarantino is entitled to full payment for its covered losses.

### FOURTH AFFIRMATIVE DEFENSE

Public policy and judicial economy demonstrate that Lloyd's position is untenable.

### FIFTH AFFIRMATIVE DEFENSE

Lloyd's has failed to comply with the Policy's appraisal provision.

### SIXTH AFFIRMATIVE DEFENSE

Lloyd's has failed to comply with the conditions under the policy by failing to produce its reports and estimates to Tarantino.

### SEVENTH AFFIRMATIVE DEFENSE

Tarantino has made a claim with Lloyd's for payment of its building damage claim. Full payment is due and owing under the All Risk policy and is not subject to any exclusion. Lloyd's cannot now seek the Court's intervention to re-write the terms of its policy.

### EIGHTH AFFIRMATIVE DEFENSE

Lloyd's position is not supported by the language in the policy. Ambiguities in the terms of the policy, if any, should be construed against Lloyd's and in favor of coverage for the insured.

### NINTH AFFIRMATIVE DEFENSE

Lloyd's has failed to substantially perform and/or substantially comply with the terms of the contract.

### TENTH AFFIRMATIVE DEFENSE

Any policy provisions in contravention of Missouri Statutes or Missouri law are deemed void or inapplicable.

### ELEVENTH AFFIRMATIVE DEFENSE

Lloyd's claim is barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

The exclusionary provisions in the policy are vague and ambiguous and should be resolved in favor of the insured.

**WHEREFORE,** Tarantino requests that this Court dismiss Lloyd's case with prejudice, award Tarantino its costs, attorneys' fees, interest, and such other further relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Further, Defendant/Counter Plaintiff, Tarantino Properties Inc., demands a trial by jury on all issues so triable as a matter of right.

### COUNTERCLAIM - TO COMPEL APPRAISAL, FOR BREACH OF CONTRACT, AND FOR VEXATIOUS REFUSAL TO PAY

Defendant/Counter Plaintiff, Tarantino Properties, Inc. ("Tarantino"), by and through undersigned counsel, respectfully files its Counterclaim to Compel Appraisal, for Breach of Contract, and for Vexatious Refusal to Pay against Underwriters at Lloyd's of London Syndicate 4242, Greg Butler, Active Underwriter's ("Lloyd's") and alleges as follows:

### PARTIES

1. At all relevant times, Tarantino Properties, Inc. ("Tarantinto"), is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas, and authorized to do business in the State of Missouri, and at all relevant times was and is the owner of rental properties at 4610 South Brentwood Avenue, Missouri 64055 (property known as "Quail Creek").

2. At all relevant times, Underwriters at Lloyd's of London, Syndicate 4242, Greg Butler, Active Underwriter ("Lloyd's"), is a foreign insurance carrier with its principal place of business in London, England.

### JURISDICTION AND VENUE

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand

Dollars ($75,000), exclusive of interest and costs. Further, compulsory counterclaims arise out of the same facts and circumstances as Lloyd's.

4. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and Local Rule 3.1 because a substantial part of the events or omissions giving rise to this action occurred in Independence, Missouri, and the insured property that is the subject of the action is situated in Independence, Missouri.

## GENERAL ALLEGATIONS

5. At all times material hereto, Tarantino's Property was insured through a policy of homeowners insurance, Policy No. 42-8590161601-L-00, with Lloyd's (the "Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit "A."**

6. Tarantino has paid all premiums on the Policy, and the Policy was in full force and effect at all times material hereto.

7. All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived, or otherwise satisfied.

8. On or about September 18, 2010, Tarantino's Property suffered damages resulting from a hail storm.

9. Tarantino timely notified Lloyd's of the loss.

10. On or about December 11, 2010, Tarantino's Property suffered further damages from a wind event.

11. Tarantino timely notified Lloyd's of the loss.

12. Lloyd's assigned claim numbers ICAT-2010-V-0000006283 and ICAT-2010-V-0000006370 to Tarantino's claims and accepted coverage for the loss.

13. Tarantino retained Mark Towner, a professional engineer, of A.T. Renczarski & Co., Inc., to investigate the cause and origin of its damages.

14. Mark Towner determined that the damage to Tarantino's Property is the result of hail and wind.

## COUNT I
### (TO COMPEL APPRAISAL)

15. Tarantino re-alleges paragraphs one through fourteen, as if fully set forth herein.

16. This is an action to compel appraisal and appoint an umpire for the appraisal proceeding in accordance with an insurance contract between Tarantino and Lloyd's.

17. Lloyd's retained a consultant, Randy Haman of GAB Robins NA. Inc., to conduct an investigation of the damages to Tarantino's Property on or about September 28, 2010.

18. Randy Haman issued his report on or about October 6, 2010, stating his position that the damages totaled $9,051.79 and fell below the deductible.

19. On or about December 3, 2011, Tarantino submitted its Sworn Statement of Proof of Loss in the amount $2,942,548.42.

20. On or about February 3, 2012, Lloyd's sent Tarantino two checks totaling $227,854.98 without an estimate and without any explanation of benefits.

21. Tarantino disagrees with the amount Lloyd's tendered for the repair of the damages to its Property.

22. On or about February 28, 2012, Tarantino sent Lloyd's a demand for appraisal, naming its appraiser, Peter Hereu.

23. On or about March 9, 2012, Lloyd's responded to Tarantino's request by refusing to go to Appraisal.

24. The Policy's appraisal provision requires Lloyd's to participate in the appraisal process when a disagreement of the value of the property or the amount of loss exists. The Policy's appraisal provision specifically provides:

**SECTION E – LOSS CONDITIONS**

\* \* \*

2. **Appraisal**
   If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   a. Pay its chosen appraiser; and
   b. Bear the other expenses of the appraisal and umpire equally.

   If there is an appraisal, we will still retain our right to deny the claim.

25. Based on the language of the appraisal provision, this Court has jurisdiction to appoint an umpire.

26. Tarantino has selected its appraiser and advised Lloyd's of his identity. However, Lloyd's has refused to identify its appraiser or participate in the appraisal process.

27. Tarantino requests that the Court compel Lloyd's to participate in the appraisal process and identify its selected appraiser.

28. Moreover, Tarantino, respectfully requests this Court appoint an umpire to preside over the appraisal process.

29. The undersigned proposes the following individuals to be umpires:

a. Brig Spurk of Young & Associates;

b. Steve Roberts of CRS;

c. Doug Freeman of Farmers Insurance;

d. Bill Bosley of Aspen Roofing;

e. Nathan Clausen of J.R. Rofing.

30. These individuals have experience in participating in the appraisal process and serving as umpires.

31. As a result of Lloyd's refusal to pay the losses sustained by Tarantino, Tarantino has retained the services of the undersigned attorneys and is obligated to pay a reasonable fee for their services. Tarantino is requesting reasonable attorneys' fees and costs in this action pursuant to Missouri Statute § 375.480.

**WHEREFORE,** Defendant/Counter Plaintiff, Tarantino, respectfully requests that this Court:

A. Take jurisdiction of this matter and compel the Plaintiff, Underwriters at Lloyd's of London Syndicate 4242, Greg Butler, Active Underwriter's, to participate in the appraisal process and identify its selected appraiser;

B. Appoint one of the individuals proposed by Tarantino, or, in the alternative, appoint an umpire in order to continue with the appraisal of the claim; and

C. Grant any and all such further relief as this Court may deem just and proper.

D. Award Tarantino its attorneys' fees and costs for having to bring this action.

## DEMAND FOR JURY TRIAL

Further, Defendant/Counter Plaintiff, Tarantino Properties Inc., demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
### (FOR BREACH OF CONTRACT)

32. Tarantino re-alleges paragraphs numbered one through thirty-one as if fully set forth herein and further states:

33. This is an action for damages for a breach of an insurance contract against Lloyd's of an insurance policy that was in effect at the time of the loss caused by hail and wind.

34. Lloyd's underwrote and issued an insurance policy to Tarantino effective April 1, 2010 through April 1, 2011.

35. The insurance policy is an all-risk policy that provides coverage for any and all perils not specifically excluded under the terms of the insurance policy.

36. The insurance policy provides coverage for damages caused by hail.

37. The insurance policy provides coverage for damages caused by wind.

38. Tarantino suffered damages from hail on or about September 18, 2010.

39. Tarantino provided prompt notice of its September 18, 2010, claim to Lloyd's.

40. Lloyd's is refusing to fully indemnify Tarantino for its September 18, 2010, hail loss.

41. Lloyd's refusal to fully indemnify Tarantino for its hail loss is a breach of the terms of the policy.

42. On or about December 11, 2010, Tarantino suffered continuing damages from a wind event that blew the hail damaged shingles off the building's roofs.

43. Lloyd's is refusing to fully indemnify Tarantino for its December 11, 2010, wind loss in breach of the policy.

44. Tarantino submitted its proof of loss in the amount of $2,967,548.42 on December 2, 2011.

14

45. Lloyd's issued an insufficient payment for Tarantino's claim on or about February 3, 2012, in the amount of $277,854.98.

46. Lloyd's refusal to fully indemnify Tarantino for its loss is a breach of the terms of the Policy.

47. Tarantino then demanded appraisal under the terms of the insurance policy on February 28, 2012.

48. Lloyd's responded to Tarantino's demand for appraisal through correspondence on or about March 9, 2012, refusing to participate in the appraisal process.

49. Lloyd's noncompliance with the appraisal provision is a breach of the terms of the contract.

50. As direct result of Lloyd's breaches of the terms of the insurance contract, Tarantino has suffered and continues to suffer damages.

**WHEREFORE**, Defendant/Counter Plaintiff, Tarantino Properties Inc., prays this Court enter an award against Plaintiff/Counter Defendant, Underwriters at Lloyd's of London Syndicate 4242, Greg Butler, Active Underwriter's, of compensatory damages, consequential damages, pre-judgment interest, costs of this action, attorneys' fees; and such other further relief this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Further, Defendant/Counter Plaintiff, Tarantino Properties Inc., demands a trial by jury on all issues so triable as a matter of right.

### COUNT III
### (FOR VEXATIOUS REFUSAL TO PAY)

51. Tarantino re-alleges paragraphs numbered one through fifty as if fully set forth herein and further states:

52. Despite proper demand for payment of the coverage provided under the terms of the policy, Lloyd's has failed, neglected, and refused to make full payment under the policy.

53. Lloyd's failure to indemnify Tarantino for its losses is an example of its vexatious refusal to pay claim damages.

54. Lloyd's originally denied coverage because it claimed the damages did not exceed the policy's deductible.

55. Without providing Tarantino a subsequent estimate, on or about February 3, 2012, Lloyd's issued Tarantino two checks totaling $227,854.98. To date, Lloyd's has not explained to Tarantino the basis of these payments.

56. Lloyd's failure to communicate with Tarantino and provide Tarantino with its estimates is an example of its misconduct and vexatious refusal to pay claim damages.

57. In response to Lloyd's insufficient payment, Tarantino requested appraisal in compliance with the terms of the policy.

58. Lloyd's responded to Tarantino's written demand for appraisal and is refusing to participate in the appraisal process.

59. Lloyd's refusal to comply with the Policy's appraisal provision is an example of its vexatious refusal to pay claim damages.

60. The policy requires Lloyd's to state its intention to pay or not pay a claim within 30 days after receiving a proof of loss.

61. Lloyd's failed to state its intention to pay or not pay Tarantino's claims within 30 days after receiving Tarantino's proof of loss.

61. Lloyd's failure to state its intentions timely is an example of its vexatious refusal to pay claim damages.

62. Lloyd's vexatious refusal to pay Tarantino's claim is without just cause or excuse.

63. As a direct and proximate result of Lloyd's breach of insurance contract and refusal to pay Tarantino's losses, Tarantino has suffered the following damages:

    a. Public Adjuster's fees associated with the representation of its claim;

    b. Costs related to the retention of experts;

    c. Attorneys' fees and costs; and

    d. Interest from insurance monies that should have been already been paid.

64. Lloyd's refusal to pay Tarantino the amounts due and owing under the policy of insurance is vexatious pursuant to Missouri Statutes §§ 375.420 and 375.296 and Tarantino is entitled to additional damages provided by these statutes, including reasonable attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Further, Defendant/Counter Plaintiff, Tarantino Properties Inc., demands a trial by jury on all issues so triable as a matter of right.

Respectfully Submitted,

MONSEES, MILLER, MAYER
PRESLEY & AMICK

A Professional Corporation


By  /s/ Brian J. Amick
   Brian J. Amick, #41646
   4717 Grand Avenue, Suite 820
   Kansas City, Missouri 64112
   (816) 361-5550 telephone
   (816) 361-5577 facsimile
   bamick@mmmpaLaw.com

   *William F. Merlin, Jr.
   *Larry Bache
   Merlin Law Group, P.A.
   777 S. Harbour Island Blvd.
   Suite 950
   Tampa, FL 33602
   Tel: (813) 229-1000
   Fax: (813) 229-3692
   LBache@merlinlawgroup.com

   *Pro Hac Vice - Pending

**ATTORNEYS FOR TARANTINO PROPERTIES, INC.**

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of March 2012, I electronically filed the above and foregoing with the Court using the CM/ECF system, which sent notice of electronic filing to the following:

Russell F. Watters
Timothy J. Wolf
Brown & James, PC
1010 Market Street
20th Floor
St. Louis, Missouri 63101
RWatters@bjpc.com
twolf@bjpc.com


/s/ Brian J. Amick
**ATTORNEY FOR TARANTINO PROPERTIES, INC.**