IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S OF LONDON, SYNDICATE 4242, GREG BUTLER, ACTIVE UNDERWRITER, <br><br> Plaintiff/Counter Defendant, <br><br> v. <br><br> TARANTINO PROPERTIES, INC., <br><br> Defendant/Counter Plaintiff. | Cause No.: 4:12-CV-00167 DKG <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM

COMES NOW Plaintiff/Counter Defendant Underwriters at Lloyd's of London, Syndicate 4242, Greg Butler, Active Underwriter ("Plaintiff"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to the Counterclaim of Defendant/Counter Plaintiff Tarantino Properties, Inc. ("Defendant"), hereby states as follows:

### PARTIES

1. Plaintiff states that Defendant inadvertently omitted the city in which the rental properties at issue are located. To the extent Defendant meant to list Independence, Missouri, as the city in which said properties are located, as Plaintiff assumes based on the zip code alleged, admitted. For further answer, Plaintiff states that the rental properties located at 4610 South Brentwood Avenue, Independence, Missouri 64055 are also commonly known as Roundtree Apartments.

2. Admitted.

## JURISDICTION AND VENUE

3.   Plaintiff admits that jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a).  For further answer, Plaintiff states that the remaining allegations contained in Paragraph 3 are conclusions of law for which no answer is required.  To the extent the Court determines these allegations require an answer, Plaintiff states that Defendant inadvertently omitted language from the second sentence of its allegations in Paragraph 3.  Plaintiff is therefore without sufficient information to admit or deny the remaining allegations contained in Paragraph 3 and therefore denies the same.

4.   Admitted.

## GENERAL ALLEGATIONS

5.   Plaintiff admits that it issued to Defendant an insurance policy, Policy No. 42-8590161601-L-00, with effective dates of April 1, 2010, to April 1, 2011, which provided coverage for certain of Defendant's properties, subject to all applicable provisions, conditions, and exclusions.  For further answer, Plaintiff admits that the policy attached to Defendant's Counterclaim as Exhibit A appears to be a true and accurate copy of the Policy.  Plaintiff denies all allegations to the extent the attached is inconsistent with the Policy.  Plaintiff denies all remaining allegations contained in Paragraph 5.

6.   Plaintiff admits that Defendant paid all premiums due on the Policy.  For further answer, Plaintiff states that the remaining allegations contained in Paragraph 6 are conclusions of law for which no answer is required.  To the extent the Court determines these allegations require an answer, denied.

7. Plaintiff states that the allegations contained in Paragraph 7 are conclusions of law for which no answer is required. To the extent the Court determines Paragraph 7 requires an answer, denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Plaintiff is without sufficient information to either admit or deny the allegations contained in Paragraph 13 and therefore denies the same.

14. Plaintiff is without sufficient information to either admit or deny the allegations in Paragraph 14 and therefore denies the same.

## COUNT I
### (TO COMPEL APPRAISAL)

15. Plaintiff restates and incorporates by reference its answers to the allegations set forth in Paragraphs 1 through 14 above, as if fully set forth herein.

16. Plaintiff states that the allegations contained in Paragraph 16 are conclusions of law for which no answer is required. To the extent the Court determines Paragraph 16 requires an answer, denied.

17. Plaintiff admits that on or about September 28, 2010, it retained Randy Haman of GAB Robins North America, Inc., to inspect the alleged storm damage to Defendant's rental properties located at 4610 South Brentwood Avenue, Independence, Missouri 64055 and commonly known as Quail Creek Apartments and Roundtree Apartments. Plaintiff denies all remaining allegations contained in Paragraph 17.

18. Admitted.

19. Admitted.

20. Plaintiff admits that on or about February 3, 2012, it sent Defendant two checks totaling $227,854.98. Defendant denies the remaining allegations contained in Paragraph 20.

21. Paragraph 21 does not contain any factual allegations for which an answer is required. To the extent the Court determines Paragraph 21 requires an answer, Plaintiff states that it is without sufficient information to either admit or deny Defendant's subjective beliefs and therefore denies the allegations contained in Paragraph 21.

22. Plaintiff admits that on or about February 28, 2012, Defendant sent a letter to Plaintiff's counsel referencing a September 18, 2010, loss only. Plaintiff denies all remaining allegations contained in Paragraph 22.

23. Plaintiff admits that Plaintiff's counsel sent a letter to Defendant on March 9, 2012. For further answer, Plaintiff states the contents of the letter are self-evident. Plaintiff denies all remaining allegations contained in Paragraph 23.

24. Plaintiff admits the appraisal provision set forth in Paragraph 24 appears to be a true and accurate copy of the appraisal provision contained in the Policy. For further answer, Plaintiff states that the remaining allegations contained in Paragraph 24 are conclusions of law for which no answer is required. To the extent the Court determines these allegations require an answer, denied.

25. Plaintiff states that the allegations contained in Paragraph 25 are conclusions of law for which no answer is required. To the extent the Court determines Paragraph 25 requires an answer, denied.

26. Denied.

27. Paragraph 27 does not contain any factual allegations for which an answer is required. To the extent the Court determines Paragraph 27 requires an answer, denied.

28. Paragraph 28 does not contain any factual allegations for which an answer is required. To the extent the Court determines Paragraph 28 requires an answer, denied.

29. Paragraph 29 does not contain any factual allegations for which an answer is required. To the extent the Court determines Paragraph 29 requires an answer, denied.

30. Plaintiff is without sufficient information to either admit or deny the allegations contained in Paragraph 30 and therefore denies the same.

31. Denied.

### AFFIRMATIVE DEFENSES – COUNT I

A. For further answer and as an affirmative defense, Plaintiff states that Count I of Defendant's Counterclaim fails to state a claim upon which relief can be granted.

B. For further answer and as an affirmative defense, Plaintiff states that Defendant's demand for appraisal under the Policy was untimely.

C. For further answer and as an affirmative defense, Plaintiff states that appraisal is, at this time, improper, because the amount of damages cannot be determined until the outstanding coverage issues presented by Defendant's claims under the Policy have been resolved by this Court pursuant to Plaintiff's pending Complaint for Declaratory Judgment.

D. For further answer and as an affirmative defense, Plaintiff states that Defendant has made no demand for appraisal under the Policy of the December 11, 2010, loss.

E. For further answer and as an affirmative defense, Plaintiff states that Defendant waived appraisal under the Policy.

F.  For further answer and as an affirmative defense, Plaintiff states that the doctrine of laches bars Defendant's demand for appraisal under the Policy.

G.  For further answer and as an affirmative defense, Plaintiff states that Defendant is estopped from demanding appraisal under the Policy.

H.  For further answer and as an affirmative defense, Plaintiff states that the doctrine of "unclean hands" bars Defendant from demanding appraisal under the Policy.

I.  Plaintiff reserves the right to raise any additional defenses to Count I that it may learn of during the course of this litigation.

## COUNT II
### (FOR BREACH OF CONTRACT)

32. Plaintiff restates and incorporates by reference its answers to the allegations set forth in Paragraphs 1 through 31 above, as if fully set forth herein.

33. Plaintiff states that the allegations contained in Paragraph 33 are conclusions of law for which no answer is required. To the extent the Court determines Paragraph 33 requires an answer, denied.

34. Plaintiff admits that the Policy was in effect from April 1, 2010, to April 1, 2011. Plaintiff denies all remaining allegations contained in Paragraph 34.

35. Plaintiff states that the allegations contained in Paragraph 35 are conclusions of law for which no answer is required. To the extent the Court determines Paragraph 35 requires an answer, denied.

36. Plaintiff states that the allegations contained in Paragraph 36 are conclusions of law for which no answer is required. To the extent the Court determines Paragraph 36 requires an answer, denied.

37. Plaintiff states that the allegations contained in Paragraph 37 are conclusions of law for which no answer is required. To the extent the Court determines Paragraph 37 requires an answer, denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## AFFIRMATIVE DEFENSES – COUNT II

A. For further answer and as an affirmative defense, Plaintiff states that Count II of Defendant's Counterclaim fails to state a claim upon which relief can be granted.

B. For further answer and as an affirmative defense, Plaintiff states that there is no coverage for Defendant's claims under the following provisions of the Policy:

**B. Exclusions**

    **2.** We will not pay for loss or damage caused by or resulting from any of the following:

  **d.** **(1)** Wear and tear;
     **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defects or any quality in property that causes it to damage or destroy itself;

         \* \* \*

     **(6)** Mechanical breakdown…

         \* \* \*

  **f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor…

**3.** We will not pay for loss or damage caused by or resulting from any of the following…

  **c.** Faulty, inadequate or defective:

         \* \* \*

     **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
     **(3)** Materials used in repair, construction, renovation or remodeling; or
     **(4)** Maintenance…

         \* \* \*

## C. Limitations

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

**1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

         \* \* \*

  **c.** The interior of any building or structure…caused by or resulting from rain, snow, sleet, ice…whether driven by wind or not, unless:

    **(1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice…enters…

         \* \* \*

### ASBESTOS AND SICK BUILDING EXCLUSION ENDORSEMENT

THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ THIS ENDORSEMENT CAREFULLY.

**Asbestos and Sick Building Exclusion**

We will not pay for loss or damage caused by or resulting directly or indirectly from any of the following:

> A. Any loss, damage or expense, or increase in loss, damage or expense caused by or resulting from:
>
> > (1) The removal, encapsulation, covering or any manner of control or abatement from any goods, products, or structure of asbestos…
>
> > \* \* \*
>
> > (4) The presence of asbestos in any building or structure whether covered or not covered by this Policy.

\* \* \*

### PRIOR LOSS EXCLUSION ENDORSEMENT

**THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ THIS ENDORSEMENT CAREFULLY.**

The following **Prior Loss Exclusion** is added to this policy:

**Prior Loss Exclusion**

We will not pay for any loss or damage that occurred prior to the effective date of this policy, including any continuation, change or resumption of such loss or damage during the Policy Period…

C. For further answer and as an affirmative defense, Plaintiff incorporates by reference its Complaint for Declaratory Judgment as if fully set forth herein.

D. For further answer and as an affirmative defense, Plaintiff states that after investigation of Defendant's claims it issued full payment of the available coverage under the Policy for said claims.

E. For further answer and as an affirmative defense, Plaintiff states that Defendant's demand for appraisal under the Policy was untimely.

F. For further answer and as an affirmative defense, Plaintiff states that appraisal is, at this time, improper, because the amount of damages cannot be determined until the

9

outstanding coverage issues presented by Defendant's claims under the Policy have been resolved by this Court pursuant to Plaintiff's pending Complaint for Declaratory Judgment.

G. For further answer and as an affirmative defense, Plaintiff states that Defendant has made no demand for appraisal under the Policy of the December 11, 2010, loss.

H. Plaintiff reserves the right to raise any additional defenses to Count II that it may learn of during the course of this litigation.

## COUNT III
### (FOR VEXATIOUS REFUSAL TO PAY)



51. Plaintiff restates and incorporates by reference its answers to the allegations set forth in Paragraphs 1 through 50 above, as if fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

61. Plaintiff states that Defendant's Counterclaim contains two paragraphs numbered 61. Plaintiff retains Defendant's numbering for the sake of clarity. For further answer, denied.

62. Denied.

63. Denied.

64. Denied.

### AFFIRMATIVE DEFENSES – COUNT III

A. For further answer and as an affirmative defense, Plaintiff states that Count III of Defendant's Counterclaim fails to state a claim upon which relief can be granted.

B. For further answer and as an affirmative defense, Plaintiff states that there is no coverage for Defendant's claims under the following provisions of the Policy:

**D. Exclusions**

    4. We will not pay for loss or damage caused by or resulting from any of the following:

        d.   (1) Wear and tear;
              (2) Rust or other corrosion, decay, deterioration, hidden or latent defects or any quality in property that causes it to damage or destroy itself;

                  \* \* \*

              (6) Mechanical breakdown…

                  \* \* \*

        f. Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor…

    5. We will not pay for loss or damage caused by or resulting from any of the following…

        c. Faulty, inadequate or defective:

                  \* \* \*

              (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
              (3) Materials used in repair, construction, renovation or remodeling; or
              (4) Maintenance…

                  \* \* \*

**E. Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

2. We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

\* \* \*

   c. The interior of any building or structure…caused by or resulting from rain, snow, sleet, ice…whether driven by wind or not, unless:

      (2) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice…enters…

\* \* \*

## ASBESTOS AND SICK BUILDING EXCLUSION ENDORSEMENT

THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ THIS ENDORSEMENT CAREFULLY.

**Asbestos and Sick Building Exclusion**

We will not pay for loss or damage caused by or resulting directly or indirectly from any of the following:

   **B.** Any loss, damage or expense, or increase in loss, damage or expense caused by or resulting from:

      (2) The removal, encapsulation, covering or any manner of control or abatement from any goods, products, or structure of asbestos…

\* \* \*

      (5) The presence of asbestos in any building or structure whether covered or not covered by this Policy.

\* \* \*

## PRIOR LOSS EXCLUSION ENDORSEMENT

THIS ENDORSEMENT CHANGES YOUR POLICY. PLEASE READ THIS ENDORSEMENT CAREFULLY.

The following **Prior Loss Exclusion** is added to this policy:

**Prior Loss Exclusion**

We will not pay for any loss or damage that occurred prior to the effective date of this policy, including any continuation, change or resumption of such loss or damage during the Policy Period…

12

C. For further answer and as an affirmative defense, Plaintiff incorporates by reference its Complaint for Declaratory Judgment as if fully set forth herein.

D. For further answer and as an affirmative defense, Plaintiff states that after investigation of Defendant's claims it issued full payment of the available coverage under the Policy for said claims.

E. For further answer and as an affirmative defense, Plaintiff states that Defendant's demand for appraisal under the Policy was untimely.

F. For further answer and as an affirmative defense, Plaintiff states that appraisal is, at this time, improper, because the amount of damages cannot be determined until the outstanding coverage issues presented by Defendant's claims under the Policy have been resolved by this Court pursuant to Plaintiff's pending Complaint for Declaratory Judgment.

G. For further answer and as an affirmative defense, Plaintiff states that Defendant has made no demand for appraisal under the Policy of the December 11, 2010, loss.

H. Plaintiff reserves the right to raise any additional defenses to Count III that it may learn of during the course of this litigation.

WHEREFORE, having fully answered the allegations contained in Defendant's Counterclaim, Plaintiff/Counter Defendant Underwriters at Lloyd's of London, Syndicate 4242, Greg Butler, Active Underwriter, prays Defendant/Counter Plaintiff Tarantino Properties, Inc.'s Counterclaim be dismissed, for its costs herein expended, and for any other such relief this Court deems just and proper under the circumstances.

13

Case 4:12-cv-00167-DGK   Document 15   Filed 04/04/12   Page 13 of 14

Respectfully submitted,

    /s/Timothy J. Wolf
Russell F. Watters, #4653
Timothy J. Wolf, # 111072
BROWN & JAMES, P.C.
Attorneys for Plaintiff
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of April, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Mr. Larry E. Bache, Jr.
Mr. William F. Merlin, Jr.
Merlin Law Group
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602

    /s/Timothy J. Wolf

9763727