IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNDERWRITERS AT LLOYD'S OF LONDON, SYNDICATE 4242, GREG BUTLER, ACTIVE UNDERWRITER, | ) ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No.: 4:12-CV-00167-DGK ) |
| TARANTINO PROPERTIES, INC., | ) ) |
| Defendant/Counter-Plaintiff. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL APPRAISAL

This dispute concerns a loss claimed by Defendant Tarantino Properties, Inc., on properties located in Independence, Missouri, insured by Plaintiff Underwriters at Lloyd's of London, Syndicate 4242, Greg Butler, Active Underwriter. Plaintiff filed a complaint for declaratory judgment denying coverage for much of the alleged loss. Defendant answered, and also filed a counter-claim to compel appraisal under a provision of Defendant's insurance policy.

Now before the Court is Defendant's Amended Motion to Compel Appraisal.[1] Defendant's motion asks the Court to compel appraisal, to compel Plaintiff to name its appraiser, and to stay litigation until the appraisal process is completed.

**Background**

Plaintiff Underwriters at Lloyd's of London, Syndicate 4242, Greg Butler, Active Underwriter ("Plaintiff") is a foreign insurance carrier with its principal place of business in London, England. Defendant Tarantino Properties, Inc. ("Defendant") is a Texas corporation

---

[1] In ruling on the motion to compel appraisal (Doc. 20), the Court has also reviewed and considered Plaintiff's complaint (Doc. 1), Defendant's answer and counterclaim (Doc. 8), Plaintiff's answer to the counterclaim (Doc. 15), Defendant's suggestions in support of the motion to compel (Doc. 21), Plaintiff's suggestions in opposition (Doc. 25), Defendant's reply (Doc. 27), and Defendant's notice of filing sworn statement in proof of loss and its attached exhibit (Doc. 29, 29-1).

authorized to do business in Missouri.  At all times relevant to this suit, Defendant owned rental properties ("Properties") located at 4610 South Brentwood Avenue, Independence, Missouri, 54055.

Defendant's properties were insured under a policy ("Policy") issued by Plaintiff from April 1, 2010 to April 1, 2011.  The Policy insured the properties against physical loss or damage up to $5,000,000 during the stated period of coverage, subject to certain provisions, conditions, and exclusions.

The Policy contained an appraisal provision, set out in Section E, Loss Conditions, which reads:

> If we [Plaintiff] and you [Defendant] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Policy at p. 9).

On September 18, 2010, and again on December 11, 2010, the Properties were allegedly damaged by wind and/or hail events during severe storms.  After each incident, Plaintiff sent consultants to the Properties to inspect the damage.  According to Plaintiff, these consultants produced reports concluding that any wind or hail damage sustained was less than Defendant's deductible under the Policy.

2

Over a ten-day period in September and October 2011, the Properties were again inspected for wind and hail damage by a professional engineer of SEA, Ltd., retained by Plaintiff. According to Plaintiff, this engineer concluded that most of the damage he observed was the result of normal wear and tear, weathering, and deterioration rather than wind and/or hail events. Plaintiff hired HAAG Construction Consulting, LLC, to render an estimate of the cost to repair the wind and hail damage to the Properties. According to Plaintiff, HAAG estimated the cost of repair to be $277,854.98.

Defendant also retained a professional engineer to inspect the Properties. On December 2, 2011, Defendant submitted to Plaintiff a sworn Statement in Proof of Loss ("Statement of Loss") claiming $2,967,548.42 in wind and hail damage to the Properties. In response, Plaintiff paid Defendant $227,854.98 (the amount of the HAAG estimate, minus a $50,000 deductible) on February 3, 2012. That same day, Plaintiff filed its complaint, seeking declaratory judgment that the remainder of Defendant's claimed losses were excluded by various provisions and endorsements in the Policy.

In response, Defendant filed its motion to compel appraisal. Defendant's motion also asked the Court to compel Plaintiff to name its appraiser and to stay litigation until the appraisal process is completed.

## Discussion

**A. Appraisal is an appropriate mechanism for resolving the parties' dispute.**

The appropriateness of appraisal in this dispute depends on whether it is characterized as a coverage dispute, as Plaintiff prefers, or as a disagreement over the amount of loss, as Defendant desires. Appraisal is not appropriate for resolving questions of coverage. *See, e.g., D.R. Sherry Const., Ltd., v. Am. Family Mut. Ins. Co.*, 316 S.W.3d 899, 902 (Mo. 2010) ("[T]he

interpretation of an insurance contract is generally a question of law, particularly in reference to the question of coverage."). If the parties' disagreement is over the amount of loss, however, appraisal is appropriate. *See, e.g., Lance v. Royal Ins. Co.*, 259 S.W. 535, 535 (Mo. App. 1924) ("A provision in an insurance policy for the amount of the loss to be ascertained by appraisers in case of disagreement in relation thereto is binding and enforceable.").

### 1. There is a disagreement between the parties over the amount of loss.

Under the terms of the Policy, either party may make written demand for appraisal in the event of a disagreement "on the value of the property or the amount of loss" (Policy at p. 9). It is undisputed that on December 2, 2011, Defendant submitted to Plaintiff a sworn statement in proof of loss (Doc. 29-1); that this statement claimed $2,967,548.42 in damage to the Properties; and that this statement identified "windstorm/hail" as "the cause and origin" of the loss. Plaintiff admits that it hired a consultant to inspect the Properties in September and October of 2011; that the consultant estimated $277,854.98 in damages to the Properties caused by wind and/or hail; and that Plaintiff paid Defendant this amount, minus a $50,000 deductible, on February 3, 2012. The Court finds these facts sufficient to show a disagreement between the parties as to the amount of loss to the Properties. The Policy's appraisal provision is applicable.

### 2. There is no meaningful disagreement over scope of coverage.

Plaintiff attempts to characterize the parties' dispute as primarily over coverage, rather than amount of loss. Plaintiff does so by denying coverage for several large portions of the claimed loss pursuant to various exclusions and endorsements in the Policy. Thus, while Plaintiff admits that there is a disagreement between the parties over the amount of loss (Doc. 25, p. 1), Plaintiff argues that this disagreement is incidental to the parties' disagreement over scope of coverage. Under Missouri law, appraisal is not favored in such circumstances. *See*

*Hawkinson Tread Tire Serv. Co. v. Ind. Lumbermens Mut. Ins. Co.*, 245 S.W.2d 24, 28 (Mo. 1951) (declining to order appraisal where disagreement over the amount of loss was "incidental to the actual underlying (legal) controversy between the two parties as to the meaning of the insurance contract and its application to the facts.").

The facts of *Hawkinson* are distinguishable from those presented by this case. In *Hawkinson*, the parties disagreed on whether the policy, which limited the insurer's liability to the period required to rebuild or replace the loss, continued to provide coverage after the insured resumed operations at a temporary facility. *Id.*, at 26-27. Appraisal was not appropriate because there was "no disagreement as to an amount of a loss which could be appraised – appraised in the sense of making an assessment or estimate of property values." *Id.*, at 28. The extent of the insured's liability was purely a question of law, to be determined by the court's interpretation of the policy.

In this case, the parties similarly disagree on the extent of the insurer's liability. Unlike in *Hawkinson*, however, the parties' disagreement in this case is not over the meaning of the Policy. It is not disputed that the Policy covers damage caused by wind or hail, or that it excludes coverage for damage caused by inadequate maintenance, wear and tear, prior losses, etc. The applicability of the Policy's exclusions and endorsements does not depend on the Court's interpretation of a question of law, it depends on a question of fact: to what extent was the claimed loss caused by wind and/or hail, covered by the Policy, or by something else, possibly excluded from coverage?

Although Missouri has not previously considered the issue, other states have found appraisal to be appropriate for determining the extent of liability where the insurer admits that there is a covered loss, but disputes the amount of damage covered. *See, e.g., Johnson v.*

*Nationwide Mut. Ins. Co.*, 828 So.2d 1021, 1025 (Fla. 2002); *Johnson v. State Farm Lloyds*, 204 S.W.3d 897, 903 (TX App. 2006). In Florida, for example,

> when the insurer admits that there *is* a covered loss, but there is a disagreement on the *amount* of loss, it is for the appraisers to arrive at the amount to be paid. In that circumstance, the appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. In doing so, they are to exclude payment for "a cause not covered such as normal wear and tear, dry rot, or various other designated, excluded causes."

*Johnson v. Nationwide*, 828 So.2d at 1025.

Texas likewise empowers appraisers to determine the extent of the loss covered, once the insurer admits that there is a covered loss. *Johnson v. State Farm*, 204 S.W.3d at 903. The Court finds the *State Farm* court's rationale persuasive:

> If the parties had to first agree on which specific shingles were damaged and approach every disagreement on extent of damage as a causation, coverage or liability issue, either party could defeat the other party's request for an appraisal by labeling a disagreement as a coverage dispute. Instead, as the process is designed, once it is determined that there is a covered loss and a dispute about the amount of that loss, the appraisal process determines the amount that should be paid because of loss from a covered peril.

*Id*. In *Johnson v. State Farm*, the insurer admitted that the insured's roof had been damaged by hail, a covered peril, but concluded that the amount of damage caused by hail was less than the insured's deductible and denied coverage for the rest of the damage.

Similarly, in this case, Plaintiff admits there was a covered loss of $277,854.98 but attempts to characterize the dispute over the remainder of the claim as one of coverage rather than amount of loss. Specifically, Plaintiff contends that the remainder of the claimed loss was caused by wear and tear, inadequate maintenance, prior losses, etc., and therefore excluded from coverage by the policy's exclusions and endorsements. The Court cannot allow Plaintiff to circumvent the appraisal provision the parties contracted for by casting the dispute in this light. The Policy clearly provides coverage for wind and hail damage, and Plaintiff has admitted some

6

Case 4:12-cv-00167-DGK   Document 34   Filed 09/04/12   Page 6 of 8

damage to the Properties was caused by wind and/or hail. Accordingly, the Court finds no meaningful dispute over coverage. Rather, the parties dispute the extent to which the loss was caused by a covered peril. This question is properly resolved by appraisal.

**3. Defendant's motion was timely**

Plaintiff also argues that Defendant unreasonably delayed in filing its motion to compel appraisal. According to Plaintiff, Defendant knew of the disagreement as to the amount of loss approximately five months before Plaintiff filed suit. Plaintiff contends that this delay was unreasonable and that the motion should therefore be denied.

The facts do not support Plaintiff's position. Defendant's statement in proof of loss was sent to Plaintiff on December 2, 2011. Defendant received no formal response disclosing Plaintiff's position until Plaintiff filed suit on February 3, 2012, seeking a declaratory judgment that much of the claimed loss was excluded from coverage.

Defendant filed its motion to compel appraisal less than two months later, on March 30, 2012. The Court finds Defendant's motion to be timely in light of the fact that Plaintiff's legal position was not disclosed to Defendant until suit was filed.

**B. The Court stays litigation until appraisal is completed.**

Because the Court expects that the appraisal process will enlighten the parties as to the primary dispute between them, the amount of loss caused by wind and/or hail, the Court will stay litigation pending completion of the appraisal.

## Conclusion

The policy's appraisal provision may be invoked by either party in the event of a disagreement over the amount of a loss. Because the Court finds that Plaintiff admitted to some covered loss, the amount of which is in dispute, appraisal is appropriate. Defendant's motion is

7

GRANTED, and Plaintiff is ordered to submit to appraisal and name its appraiser. Litigation is stayed pending completion of the appraisal.

**IT IS SO ORDERED.**

Date: September 4, 2012                    /s/ Greg Kays
                                                                                GREG KAYS, JUDGE
                                                                                UNITED STATES DISTRICT COURT